JOURNAL ENTRY AND OPINION
{¶ 1} A jury found defendant Carmen Curtis guilty of one count of theft, five counts of forgery, and five counts of uttering. The charges arose after Curtis' employer discovered that she had been using her position as office manager to embezzle company funds. The issues on appeal concern the sufficiency and weight of the evidence, as well as maximum sentences.
 I {¶ 2} The state's evidence, which we view most favorably to the state, State v. Smith (2000), 89 Ohio St.3d 323, 331, 2000-Ohio-166, shows that Curtis worked for the Alfieri Trucking Company, a family business operated by James Alfieri, Jr., and his five children. They promoted Curtis to the position of office manager, where she kept the books and paid the bills. When Alfieri's insurance agent informed James Jr. that the company had no liability insurance, Alfieri questioned Curtis. She showed him six checks made out to the insurance company. Alfieri went to his bank and obtained copies of these checks, only to discover that the checks had been paid to Curtis.
 {¶ 3} Alfieri brought in someone to examine the books. This investigation showed that Curtis had been signing checks on behalf of the Alfieris but keeping the money. She forged withdrawals on a bank line of credit, and wrote herself 42 checks. She endorsed 19 checks that were made out to cash, and also wrote checks made out to cash which were endorsed by employees, who in turn gave the money back to her.
 {¶ 4} The state's evidence showed that Curtis only had authority to generate checks on the company's behalf, but not to sign them. Witnesses testified that Curtis would prepare checks made out to herself, but make a notation that the check was intended for another party. She would then forge Alfieri's name on the signature line before cashing it. Other evidence showed that she would loan employees money by giving them checks written on the Alfieris' account, and then have the employee hand over a portion of that check. For example, one employee testified that he asked Curtis for a loan. She sent him to the bank with a $1,000 check which he cashed. He then kept $400 and gave the remaining $600 to Curtis.
 {¶ 5} The branch manager from the Alfieris' bank testified that Curtis called him because the Alfieris needed an advance on their line of credit. She told the branch manager that James Jr. could not come to the bank personally. The bank then required a notarized letter from Alfieri to certify the advance. Curtis notarized the letter even though she was not a notary public, and the bank, in reliance upon that letter, wrote the Alfieris a check for $80,000. None of the Alfieris had approved the advance on the line of credit.
 {¶ 6} In all, the state showed that Curtis had stolen nearly $240,000 from the Alfieris. When the police questioned Curtis, she admitted to stealing $24,000.
 II {¶ 7} Curtis first argues that the state failed to present sufficient evidence to show that she stole any money. Without actually discussing the applicable elements of each offense for which she was found guilty, Curtis maintains that there was no evidence to show what she did with the money she stole, so the state could not prove that she actually took the money.
 {¶ 8} The short answer to Curtis' argument is that our standard of review for claims of insufficient evidence requires us to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Our abridged version of the facts amply demonstrates that the state presented evidence going to each element of theft, forgery and uttering to show that, without permission to do so, Curtis appropriated Alfieri funds for her own benefit.
 {¶ 9} We do feel obligated, however, to disabuse Curtis of the idea that a showing of how stolen property is disposed of is somehow an element of a theft offense. A theft occurs when a person knowingly exerts control over the property of another without consent. See R.C. 2913.02(A)(1). The disposition of stolen property is not a listed element of the offense.
 III {¶ 10} Curtis also argues that the verdict is against the manifest weight of the evidence. Unfortunately, her entire argument is this: "Here, the jury simply lost its way as to the convictions." This is completely inadequate under App.R. 12(A)(2) and 16(A)(7). It fails to state a coherent basis for finding why the jury lost its way, and further fails to cite to the record. We suppose that it simply rehashes the arguments made in the first assignment of error relating to the credibility of the state's witnesses.
 {¶ 11} To the extent that Curtis believes there were credibility problems with the state's case, she ignores her own credibility issues. She testified in her defense and admitted to having stolen from prior employers and forging checks on an ex-roommate's checking account. She admitted lying to the Alfieris by telling them she had breast cancer (James Jr. had a wife who died of breast cancer). She also lied about inheriting a large sum, apparently as a cover to explain where she obtained so much money. Moreover, she admitted to the police that she stole money from the Alfieris. In short, a reasonable jury could have decided questions of credibility averse to Curtis. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 IV {¶ 12} The remaining two issues concern sentencing; namely, that the court imposed consecutive and maximum sentences. Because the court made findings to support the imposition of consecutive and maximum sentences, we sustain these assignments of error on authority of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and remand for resentencing.
Judgment affirmed in part, reversed in part and remanded to the trial court for resentencing in accordance with Foster.
Costs assessed against defendant-appellant.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, P.J., and Blackmon, J., concur.